UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61783-RUIZ/STRAUSS

**HOWARD MICHAEL CAPLAN,**

    Plaintiff,
v.

**LA FAMILIA AUTO SALES, INC.,**

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Plaintiff's Verified Motion for Attorneys' Fees, Expert Witness Fees and Litigation Expenses ("Motion") [DE 32]. The Motion has been referred to me to take all action as required by law [DE 33]. I have reviewed the Motion and the record in this case. No response to the Motion has been filed, and the time to file a response has passed. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Plaintiff be awarded attorneys' fees in the amount of **$6,649.50** and expert fees in the amount of **$2,000**.

## **DISCUSSION**

On June 30, 2022, the Court entered a Final Default Judgment [DE 27] in favor of Plaintiff. As reflected therein, the Court found that Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 12205 and 12217. Now, pursuant to the Motion, Plaintiff seeks an award of attorneys' fees in the amount of $8,555. He also seeks an award of expert fees in the amount of $2,000.[1]

---

[1] Plaintiff previously sought, and was awarded, taxable costs [DE 31]. The expert fees sought in the Motion do not overlap with the prior cost award.

## A. REASONABLE ATTORNEYS' FEES

When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 804 (11th Cir. 2020) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

As indicated above, Plaintiff asserts that his counsel reasonably incurred $8,555 in attorneys' fees. The hours and hourly rates billed for each timekeeper are as follows:

| Ronald Stern | 14 hours | $420 |
| Ronnette Gleizer | 5.5 hours | $350 |
| Muminat Kerimova | 2.9 hours | $125 |
| Lola Tivodar | 1.5 hours | $125 |
| Michelle Mercier | 1.6 hours | $125 |

Mr. Stern and Ms. Gleizer are attorneys, and the other three timekeepers are paralegals. According to the Motion, Mr. Stern was admitted to the Florida Bar in 2005, and Ms. Gleizer was admitted to the Florida Bar in 2011. The paralegals have worked for Plaintiff's counsel for 2-5 years. The Motion also states the Mr. Stern and Mr. Gleizer have handled hundreds of ADA cases, and it references several other cases in this district where they have been awarded fees. In fact, I have previously considered the reasonableness of their fees in at least a few cases – for hours billed in 2019 and 2020.[2]

---

[2] *See Zalezhnev v. Wonderworld Montessori Acad. Corp.*, No. 19-CV-60268, 2021 WL 6802792, at *7 (S.D. Fla. Dec. 17, 2021), *report and recommendation adopted*, 2022 WL 326485 (S.D. Fla. Feb. 3, 2022); *Caplan v. Rehabclinics (PTA) Inc.*, No. 19-CV-62890, 2020 WL 3977140, at *2-4

Because it is Plaintiff seeking an award of attorneys' fees, he has the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Barnes*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303). "A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* at 436 (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Id.* at 437 (citing *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994)).

Based on my consideration of Plaintiff's attorneys' experience, skill, and qualifications, Eleventh Circuit case law and case law in this district (including cases awarding fees in ADA cases), and my own knowledge regarding reasonable hourly rates in this market (including, specifically, in ADA cases), I find the requested hourly rates to be reasonable. I note that I have previously found Mr. Stern's $420 rate to be reasonable. *See, e.g.*, *Zalezhnev*, 2021 WL 6802792, at *7. As to Ms. Gleizer, I previously found $325 (but not $350) to be a reasonable rate for her; however, that was for time billed in 2019 and 2020 when she was an associate with fewer than 10 years of experience. *Id.* The time billed in this case though is for 2021 and 2022, and Ms. Gleizer has now been an attorney for 11 years. Thus, $350 is now a reasonable rate for her in an ADA case given her additional experience. With respect to the paralegals, I previously reduced their rate to $95 when counsel failed to provide any information regarding their background. *See* cases cited *supra* note 2. Now, though, counsel has provided at least some information regarding their experience in the Motion, which is effectively unopposed given that no response has been filed.

---

(S.D. Fla. July 13, 2020); *Barberi v. Gascom, Inc.*, No. 19-cv-62016, 2020 U.S. Dist. LEXIS 112702, at *5-8 (S.D. Fla. June 25, 2020).

4

Therefore, I recommend approving the $125 paralegal rate, which is often (though not always) a reasonable paralegal rate in this market for paralegals with at least a few years of relevant experience.[3]

Turning to the hours billed [DE 32-1], having reviewed all of those hours, and having considered applicable law, I find that some reductions are warranted. Because Defendant failed to respond to the Motion, and has thus failed to discharge its burden,[4] I have only excluded hours that clearly warrant exclusion (even without the benefit of a response from Defendant). Specifically, I excluded several entries that reflect tasks of an administrative or clerical nature,[5] and I excluded Ms. Gleizer's May 25, 2022 entry stating "Prepare Letter" for 0.5 hours as the vague description fails to explain what the letter was about or why it was necessary to prepare the letter.[6] The administrative/clerical entries I excluded are as follows: (1) entries for "Mailing" (totaling 0.4 hours for Ms. Gleizer and 1.6 hours for Ms. Mercier); (2) entries involving the filing of court documents (totaling 0.5 hours for Mr. Stern, 1 hour for Ms. Gleizer, and 1.9 hours for Ms.

---

[3] In the future, counsel must provide more information regarding the paralegals' experience and qualifications. For instance, while the Motion indicates the amount of time the paralegals have worked for counsel, it does not state whether they have any further paralegal or other relevant experience (though it notes two have a master's degree).

[4] *See Barnes*, 168 F.3d at 428 ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman*, 836 F.2d at 1301)).

[5] *See Ortega*, 2017 WL 6026701, at *2 ("Purely clerical or secretarial tasks that require no legal skill or training, such as . . . filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon*, 175 F.3d at 553)).

[6] It is evident from an entry a few days later that the letter was to Defendant. However, because Plaintiff failed to provide any description regarding the content or reason for the letter, Plaintiff failed to provide a description sufficient to discharge Plaintiff's burden in documenting the reasonableness of the hours billed. While certain other descriptions also provide general descriptions like "prepare affidavit," I can at least ascertain from the date of those entries and my review of the docket the affidavits to which the entries are referring.

Kerimova); (3) Mr. Stern's August 24, 2021 entries for preparing the cover sheet (0.2 hours) and summonses (0.4 hours); (4) Ms. Tivodar's July 29, 2021 entry for "File Creation" (0.3 hours); (5) Ms. Kerimova's August 24, 2021 entry for reviewing summonses and sending to process server (0.3 hours); (6) Mr. Stern's September 15, 2021 entry for preparing a Notice of Filing (0.3 hours); and (7) Ms. Gleizer's April 26, 2022 entry for preparing a Notice of Appearance (0.4 hours).

Excluding the foregoing hours, Mr. Stern reasonably billed 12.6 hours, Ms. Gleizer reasonably billed 3.2 hours, Ms. Kerimova reasonably billed 0.7 hours, Ms. Tivodar reasonably billed 1.2 hours, and Ms. Mercier reasonably billed 0 hours. Thus, when combined with each timekeeper's reasonable hourly rate, the lodestar for this matter is $6,649.50, calculated as follows:

| Name | Hours | Rate | TOTAL |
| --- | --- | --- | --- |
| Ronald Stern | 12.6 hours | $420 | $5,292 |
| Ronnette Gleizer | 3.2 hours | $350 | $1,120 |
| Muminat Kerimova | 0.7 hours | $125 | $87.50 |
| Lola Tivodar | 1.2 hours | $125 | $150 |
| Michelle Mercier | 0 hours | $125 | $0 |
|  |  |  | **$6,649.50** |

I find that the presumptively reasonable lodestar represents a reasonable fee award here.

### B. EXPERT FEES

"A prevailing ADA plaintiff may recover expert fees as a litigation expense." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)). Here, Plaintiff seeks an expert fee of $1,500, as well as an expert re-inspection fee of $500, for a total of $2,000. The report prepared by Plaintiff's expert is attached to the Motion. [DE 32-2]. Given that Plaintiff has cited authority supporting his request and that no response to the Motion has been filed,[7] I recommend that Plaintiff's request be granted.

---

[7] *See* S.D. Fla. L.R. 7.1(c)(1) (providing that the failure to timely respond to a motion may be deemed sufficient cause for granting the motion by default).

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 32] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Plaintiff attorneys' fees in the amount of **$6,649.50** and an expert fee in the amount of **$2,000**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 19th day of September 2022.

Jared M. Strauss
United States Magistrate Judge